UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X    Case No:
JOSE ROSA, EDUARDO ROMERO BARRON, and
DONIQUA ESSAMOND PHINAZEE, on Behalf of
Themselves and All Others Similarly Situated,

                             Plaintiffs,                  **COLLECTIVE AND CLASS
                                                     ACTION COMPLAINT
           -vs.-                                  WITH JURY DEMAND**

LA OFICINA OF QUEENS, INC., HEAVENS
ENTERTAINMENT, INC., ANGELS OF THE
WORLD, INC., GEORGE STOUPAS, and
GUS "Doe" Last name being fictitious and unknown,

                           Defendants.
------------------------------------------------------------------X

       Plaintiffs Jose Rosa, Eduardo Romero Barron, and Doniqua Essamond Phinazee,

individually and on behalf of all others similarly situated, by their attorneys, the Law Offices of

William Cafaro, respectfully allege as follows upon information and belief:

### _NATURE OF THE ACTION_

      1.     This is a collective and class action brought by Class Representative Plaintiffs Jose

Rosa ("Rosa"), Eduardo Romero Barron ("Barron"), and Doniqua Essamond Phinazee

("Phinazee") on behalf of themselves and all members of the proposed collective and class, as

defined below (collectively, "Plaintiffs") who work or have worked for LA OFICINA OF

QUEENS, INC. ("La Oficina"), HEAVENS ENTERTAINMENT, INC. ("Heavens"), and/or

ANGELS OF THE WORLD, INC. ("Angels") (collectively, La Oficina, Heavens and Angels are

the "Corporate Defendants") within the applicable time frames.

2.      The Corporate Defendants are owned and operated by Defendant GEORGE STOUPAS ("Stoupas") and GUS "Doe" Last name being fictitious and unknown ("Gus") (collectively, the Corporate Defendants, Stoupas, and Gus are the "Defendants").

3.      The Defendants are involved in the adult entertainment industry in that they own and operate three gentlemen's clubs in Queens, New York.

4.      Plaintiffs were employed by Defendants as entertainers, whose duties included, but were not limited to, dancing for the Defendants' customers ("Entertainers").

5.      Plaintiffs were employed by Defendants as bartenders whose duties included, but were not limited to, preparing and serving beverages to Defendants' customers ("Bartenders").

6.      Plaintiffs were employed by Defendants as busboys whose duties included, but were not limited to, cleaning the Defendants' locations, preparing hookahs, buying stocking supplies to support the bartenders, cleaning bathrooms, and taking food orders ("Busboys").

7.      Entertainers perform similar job duties, are subject to the same employment policies, practices and procedures, and are directed by Defendants on how to perform their work.

8.      Bartenders perform similar job duties, are subject to the same employment policies, practices and procedures, and are directed by Defendants on how to perform their work.

9.      Busboys perform similar job duties, are subject to the same employment policies, practices and procedures, and are directed by Defendants on how to perform their work.

10.      Plaintiffs Jose Rosa, Eduardo Romero Barron, and Doniqua Essamond Phinazee bring this action on behalf of themselves and all similarly situated current and former Entertainers, Bartenders, and Busboys who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.*, and specifically the collective action provision of 29 U.S.C. §216(b), to remedy violations of the wage and hour provisions of the FLSA by Defendants that have deprived Plaintiffs Jose Rosa, Eduardo Romero Barron, and Doniqua Essamond Phinazee and all similarly situated employees of their lawful earned wages.

11.      Plaintiffs Jose Rosa, Eduardo Romero Barron, and Doniqua Essamond Phinazee bring this action on behalf of themselves and all similarly situated current and former Entertainers, Bartenders, and Busboys who are members of the putative class set forth herein pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the NYLL, Article 6 §§ 190 *et seq.* and Article 19, §§650 *et seq.* and the supporting New York State Department of Labor Regulations.

### ***THE PARTIES***

**Plaintiffs**

***Jose Rosa***

12.      Rosa is an adult individual who is a resident of Queens County, New York.

13.      At all times herein pertinent, and in the course of his duties, Rosa regularly handled products which had been moved in commerce.

14.     Rosa was employed by the Defendants as a Busboy, from on or about March 1, 2016 until on or about June 1, 2017.

15.     Rosa is a covered employee within the meaning of the FLSA and NYLL.

16.     A written consent form for Rosa is being filed with this Collective and Class Action Complaint.

**_Eduardo Romero Barron_**

17.     Barron is an adult individual who is a resident of Queens County, New York.

18.     At all times herein pertinent, and in the course of his duties, Barron regularly handled products which had been moved in commerce.

19.     Barron was employed by the Defendants as a Busboy, from on or about calendar year 2004 until on or about July 17, 2018.

20.     Barron is a covered employee within the meaning of the FLSA and NYLL.

21.     A written consent form for Barron is being filed with this Collective and Class Action Complaint.

***Doniqua Essamond Phinazee,***

22.    Phinazee is an adult individual who is a resident of Bronx County, New York.

23.    At all times herein pertinent, and in the course of her duties, Phinazee regularly handled products which had been moved in commerce.

24.    Phinazee was employed by the Defendants as an Entertainer and Bartender, from on or about September 2015 until on or about February 2018.

25.    Phinazee is a covered employee within the meaning of the FLSA and NYLL.

26.    A written consent form for Phinazee is being filed with this Collective and Class Action Complaint.

**<u>Defendants</u>**

27.    At all times herein pertinent, the Defendants, and each of them, were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

28.    Defendants have employed and/or jointly employed the Named Plaintiff and similarly situated employees at all times herein pertinent.

29.    The individual defendants, Stoupas and Gus jointly own and operate the Corporate Defendants as a single integrated enterprise.

30.     Defendants' operations are interrelated and unified.

31.     Upon information and belief, each of the Corporate Defendants share and interchange employees insofar as employees who are employed by one of the Corporate Defendants are sent to work for the others when the need arises. For example, members of the putative class and collective were routinely made to work at different Corporate Defendants' locations depending on business need.

32.     Upon information and belief, the Defendants have a common central office at a single location.

33.     Upon information and belief, funds taken in by each of the Corporate Defendants is and was transferred amongst the other Corporate Defendants as necessary according to availability, cash flow needs, for minimization tax liability, and for various other management and accounting purposes.

34.     Upon information and belief, income received from each of the Corporate Defendants was used to pay various expenses which should, according to generally accepted accounting principles, have been properly allocated to other Corporate Defendants, including, but not limited to employee payroll.

35.     The Corporate Defendants all use the same employee manuals and payroll operations.

36.    Upon information and belief the Corporate Defendants have the same menu items.

37.    Upon information and belief, the Corporate Defendants market and advertise as a single entity in that they run their social media accounts together.

*La Oficina*

38.    Defendant La Oficina was and is a domestic business corporation whose principal place of business is located at 39-20 104 Street, Corona, New York 11368.

39.    La Oficina is owned and operated by defendants Stoupas and Gus.

40.    La Oficina is a covered employer within the meaning of the FLSA and the NYLL, and, at all times herein pertinent, has employed the Named Plaintiffs and similarly situated employees.

41.    At all times herein pertinent, La Oficina maintained control, oversight, and direction over the Named Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices applied to them.

42.    La Oficina has applied the same employment policies, practices, and procedures to all its Entertainers who performed the tasks enumerated herein, including policies, practices, and procedures with respect to payment of wages, and overtime compensation.

43.    La Oficina has applied the same employment policies, practices, and procedures to all its Bartenders who performed the tasks enumerated herein, including policies, practices, and procedures with respect to payment of wages, and overtime compensation.

44.    La Oficina has applied the same employment policies, practices, and procedures to all its Busboys who performed the tasks enumerated herein, including policies, practices, and procedures with respect to payment of wages, and overtime compensation.

45.    Upon information and belief, for the calendar year 2015, the annual gross volume of sales made or business done of La Oficina was not less than $500,000.00.

46.    Upon information and belief, for the calendar year 2016, the annual gross volume of sales made or business done of La Oficina was not less than $500,000.00.

47.    Upon information and belief, for the calendar year 2017, the annual gross volume of sales made or business done of La Oficina was not less than $500,000.00.

48.    Upon information and belief, for the calendar year 2018, the annual gross volume of sales made or business done of La Oficina will not be less than $500,000.00.

*Heavens*

49.    Defendant Heavens was and is a domestic business corporation whose principal place of business is located at 28-26 Steinway Street, Astoria, New York 11103.

8

50.     Heavens is owned and operated by defendants Stoupas and Gus.

51.     Heavens is a covered employer within the meaning of the FLSA and the NYLL, and, at all times herein pertinent, has employed the Named Plaintiffs and similarly situated employees.

52.     At all times herein pertinent, Heavens maintained control, oversight, and direction over the Named Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices applied to them.

53.     Heavens has applied the same employment policies, practices, and procedures to all its Entertainers who performed the tasks enumerated herein, including policies, practices, and procedures with respect to payment of wages, and overtime compensation.

54.     Heavens has applied the same employment policies, practices, and procedures to all its Bartenders who performed the tasks enumerated herein, including policies, practices, and procedures with respect to payment of wages, and overtime compensation.

55.     Heavens has applied the same employment policies, practices, and procedures to all its Busboys who performed the tasks enumerated herein, including policies, practices, and procedures with respect to payment of wages, and overtime compensation.

56.    Upon information and belief, for the calendar year 2015, the annual gross volume of sales made or business done of Heavens was not less than $500,000.00.

57.    Upon information and belief, for the calendar year 2016, the annual gross volume of sales made or business done of Heavens was not less than $500,000.00.

58.    Upon information and belief, for the calendar year 2017, the annual gross volume of sales made or business done of Heavens was not less than $500,000.00.

59.    Upon information and belief, for the calendar year 2018, the annual gross volume of sales made or business done of Heavens will not be less than $500,000.00.

*Angels*

60.    Defendant Angels was and is a domestic business corporation whose principal place of business is located at 32-17 College Point Blvd, Flushing, New York 11354.

61.    Angels is owned and operated by defendants Stoupas and Gus.

62.    Angels is a covered employer within the meaning of the FLSA and the NYLL, and, at all times herein pertinent, has employed the Named Plaintiffs and similarly situated employees.

63.     At all times herein pertinent, Angels maintained control, oversight, and direction over the Named Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices applied to them.

64.     Angels has applied the same employment policies, practices, and procedures to all its Entertainers who performed the tasks enumerated herein, including policies, practices, and procedures with respect to payment of wages, and overtime compensation.

65.     Angels has applied the same employment policies, practices, and procedures to all its Bartenders who performed the tasks enumerated herein, including policies, practices, and procedures with respect to payment of wages, and overtime compensation.

66.     Angels has applied the same employment policies, practices, and procedures to all its Busboys who performed the tasks enumerated herein, including policies, practices, and procedures with respect to payment of wages, and overtime compensation.

67.     Upon information and belief, for the calendar year 2015, the annual gross volume of sales made or business done of Angels was not less than $500,000.00.

68.     Upon information and belief, for the calendar year 2016, the annual gross volume of sales made or business done of Angels was not less than $500,000.00.

69.     Upon information and belief, for the calendar year 2017, the annual gross volume of sales made or business done of Angels was not less than $500,000.00.

70.     Upon information and belief, for the calendar year 2018, the annual gross volume of sales made or business done of Angels will not be less than $500,000.00.

**Defendant Stoupas**

71.     Upon information and belief, Defendant Stoupas is a resident of the State of New York and has an actual place of business located at 32-17 College Point Blvd, Flushing, New York 11354.

72.     Upon information and belief, at all times herein pertinent, Defendant Stoupas is and was an officer, director, and/or authorized shareholder of La Oficina.

73.     Upon information and belief, at all times herein pertinent, Defendant Stoupas is and was an officer, director, and/or authorized shareholder of Heavens.

74.     Upon information and belief, at all times herein pertinent, Defendant Stoupas is and was an officer, director, and/or authorized shareholder of Angels.

75.     Upon information and belief and at all times pertinent herein, Defendant Stoupas has signed contracts on behalf of La Oficina and listed himself as Principal and/or Officer.

76.     Upon information and belief and at all times pertinent herein, Defendant Stoupas has signed contracts on behalf of Heavens and listed himself as either Principal and/or Officer.

77.     Upon information and belief and at all times pertinent herein, Defendant Stoupas has signed contracts on behalf of Angels and listed himself as either Principal and/or Officer.

78.     The fraudulent conduct complained of herein was caused, suffered, permitted and allowed by Defendant Stoupas to be perpetrated for the purpose of avoiding full payment of the sums due to the Named Plaintiffs and those similarly situated for their lawful wages while working for the Corporate Defendants, or any of them.

79.     At all relevant times, Defendant Stoupas has had power over personnel decisions at La Oficina, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

80.     At all relevant times, Defendant Stoupas has had power over personnel decisions at Heavens including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

81.     At all relevant times, Defendant Stoupas has had power over personnel decisions at Angels including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

82.     At all relevant times, Defendant Stoupas has had power over payroll decisions at La Oficina, including the power to retain time and/or wage records.

83.     At all relevant times, Defendant Stoupas has had power over payroll decisions at Heavens, including the power to retain time and/or wage records.

84.     At all relevant times, Defendant Stoupas has had power over payroll decisions at Angels, including the power to retain time and/or wage records.

85.     At all relevant times, Defendant Stoupas has been actively involved in managing the day to day operations of La Oficina.

86.     At all relevant times, Defendant Stoupas has been actively involved in managing the day to day operations of Heavens.

87.     At all relevant times, Defendant Stoupas has been actively involved in managing the day to day operations of Angels.

88.     At all relevant times, Defendant Stoupas has had the power to stop any illegal pay practices that harmed the Named Plaintiffs and similarly situated employees.

89.     At all relevant times, Defendant Stoupas has had the power to transfer the assets and/or liabilities of La Oficina.

90.     At all relevant times, Defendant Stoupas has had the power to transfer the assets and/or liabilities of Heavens.

91.     At all relevant times, Defendant Stoupas has had the power to transfer the assets and/or liabilities of Angels.

92.     At all relevant times, Defendant Stoupas has had the power to enter into contracts on behalf of La Oficina.

93.     At all relevant times, Defendant Stoupas has had the power to enter into contracts on behalf of Heavens

94.     At all relevant times, Defendant Stoupas has had the power to enter into contracts on behalf of Angels.

95.     Upon information and belief, at all relevant times, Defendant Stoupas has been listed with the New York State Department of State, as a registered agent of La Oficina.

96.     At all relevant times, Defendant Stoupas has been listed with the New York State Liquor Authority as a Principal of La Oficina.

97.     At all relevant times, Defendant Stoupas has been listed with the New York State Liquor Authority as a Principal of Heavens.

98.     At all relevant times, Defendant Stoupas has been listed with the New York State Liquor Authority as a Principal of Angels.

99.     Defendant Stoupas has the power to hire employees for the Entity Defendants and made the decision to hire various employees.

100.     Upon information and belief, Defendant Stoupas has signed, and continues to sign, contracts on behalf of each of the Corporate Defendants, including contracts with various vendors.

101.     Upon information and belief, Defendant Stoupas has accepted deliveries on behalf of each of the Corporate Defendants.  This includes, but is not limited to, deliveries of liquor.

102.     Upon information and belief, Defendant Stoupas negotiates lower contract prices from various vendors by stating, in sum and substance, that he is ordering for multiple strip club locations.

103.     On a daily basis Defendant Stoupas supervises the employees at each of the Corporate Defendants by telling them what duties to perform and in what order to complete said duties.

104.    Defendant Stoupas is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed the Named Plaintiffs and similarly situated employees.

105.    Defendant Stoupas is one of the ten largest shareholders by beneficial interest of La Oficina.

106.    Defendant Stoupas is one of the ten largest shareholders by beneficial interest of Heavens

107.    Defendant Stoupas is one of the ten largest shareholders by beneficial interest of Angels.

108.    Pursuant to the notices above, Defendant Stoupas is personally liable for unpaid wages to the Plaintiff as well as the putative class and collective.

### Defendant Gus

109.    Upon information and belief, Defendant Gus is a resident of the State of New York and has an actual place of business located at 32-17 College Point Blvd, Flushing, New York 11354.

110.    Upon information and belief, at all times herein pertinent, Defendant Gus is and was an officer, director, and/or authorized shareholder of La Oficina.

111.    Upon information and belief, at all times herein pertinent, Defendant Gus is and was an officer, director, and/or authorized shareholder of Heavens.

112.    Upon information and belief, at all times herein pertinent, Defendant Gus is and was an officer, director, and/or authorized shareholder of Angels.

113.    Upon information and belief and at all times pertinent herein, Defendant Gus has signed contracts on behalf of La Oficina and listed himself as Principal and/or Officer.

114.    Upon information and belief and at all times pertinent herein, Defendant Gus has signed contracts on behalf of Heavens and listed himself as either Principal and/or Officer.

115.    Upon information and belief and at all times pertinent herein, Defendant Gus has signed contracts on behalf of Angels and listed himself as either Principal and/or Officer.

116.    The fraudulent conduct complained of herein was caused, suffered, permitted and allowed by Defendant Gus to be perpetrated for the purpose of avoiding full payment of the sums due to the Named Plaintiffs and those similarly situated for their lawful wages while working for the Corporate Defendants, or any of them.

117.    At all relevant times, Defendant Gus has had power over personnel decisions at La Oficina, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

118.    At all relevant times, Defendant Gus has had power over personnel decisions at Heavens including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

119.    At all relevant times, Defendant Gus has had power over personnel decisions at Angels including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

120.    At all relevant times, Defendant Gus has had power over payroll decisions at La Oficina, including the power to retain time and/or wage records.

121.    At all relevant times, Defendant Gus has had power over payroll decisions at Heavens, including the power to retain time and/or wage records.

122.    At all relevant times, Defendant Gus has had power over payroll decisions at Angels, including the power to retain time and/or wage records.

123.    At all relevant times, Defendant Gus has been actively involved in managing the day to day operations of La Oficina.

124.    At all relevant times, Defendant Gus has been actively involved in managing the day to day operations of Heavens.

125.    At all relevant times, Defendant Gus has been actively involved in managing the day to day operations of Angels.

126.    At all relevant times, Defendant Gus has had the power to stop any illegal pay practices that harmed the Named Plaintiffs and similarly situated employees.

127.    At all relevant times, Defendant Gus has had the power to transfer the assets and/or liabilities of La Oficina.

128.    At all relevant times, Defendant Gus has had the power to transfer the assets and/or liabilities of Heavens.

129.    At all relevant times, Defendant Gus has had the power to transfer the assets and/or liabilities of Angels.

130.    At all relevant times, Defendant Gus has had the power to enter into contracts on behalf of La Oficina.

131.    At all relevant times, Defendant Gus has had the power to enter into contracts on behalf of Heavens

132.    At all relevant times, Defendant Gus has had the power to enter into contracts on behalf of Angels.

133.    Defendant Gus has the power to hire employees for the Entity Defendants and made the decision to hire various employees.

134.    Upon information and belief, Defendant Gus has signed, and continues to sign, contracts on behalf of each of the Corporate Defendants, including contracts with various vendors.

135.    Upon information and belief, Defendant Gus has accepted deliveries on behalf of each of the Corporate Defendants.  This includes, but is not limited to, deliveries of liquor.

136.    Upon information and belief, Defendant Gus negotiates lower contract prices from various vendors by stating, in sum and substance, that he is ordering for multiple strip club locations.

137.    On a daily basis Defendant Gus supervises the employees at each of the Corporate Defendants by telling them what duties to perform and in what order to complete said duties.

138.    Defendant Gus is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed the Named Plaintiffs and similarly situated employees.

139.    Defendant Gus is one of the ten largest shareholders by beneficial interest of La Oficina.

140.    Defendant Gus is one of the ten largest shareholders by beneficial interest of Heavens

141.    Defendant Gus is one of the ten largest shareholders by beneficial interest of Angels.

142.    Pursuant to the notices above, Defendant Gus is personally liable for unpaid wages to the Plaintiff as well as the putative class and collective.

## *JURISDICTION AND VENUE*

143.    Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*., and Plaintiff relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus.

144.    This Court also has jurisdiction over the Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

145.    The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

146.    Venue is based upon 28 U.S.C. § 1391 (b)(2) insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## COLLECTIVE ACTION ALLEGATIONS

147.    Named Plaintiffs seek to bring this suit to recover minimum wages, overtime compensation, and liquidated damages from Defendants under the applicable provisions of the FLSA, 29 U.S.C. §216(b), on their own behalf as well as on behalf of those in the following collective:

> **FLSA Collective:**  Current and former employees of Defendants who, at any time within three years prior to filing date of this Collective and Class Action Complaint through the date of final disposition ("Collective Period"), worked for the Defendants as non-exempt Entertainers, Bartenders, and/or Busboys, and were subject to Defendants' policy and pattern or practice of failing to properly pay minimum wages for all hours worked up to the first 40 hours worked and/or overtime premium for all hours worked beyond 40 per week and who elect to opt into this litigation.

148.    Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate the Named Plaintiff and the putative FLSA Collective Members ("Collective Members").

149.    Consistent with Defendants' policy and pattern or practice, the Named Plaintiffs and the Collective Members have not been paid the proper statutory minimum wage for all hours worked up to 40 in a given week.

150.    Consistent with Defendants' policy and pattern or practice, the Named Plaintiffs and the Collective Members have not been paid any premium overtime compensation for hours worked beyond 40 in any single work week.

151.    All of the work that the Named Plaintiffs and the Collective Members have performed tasks that have been assigned by Defendants, and/or Defendants have been aware of all of the work that they have performed.

152.    Defendants have exercised sufficient supervision, direction and control over the Plaintiff and Collective Members by, *inter alia*, (1) assigning them job duties and responsibilities; and (2) controlling all of the terms and conditions of their employment, including their compensation, as well as policies and practices they were required to follow.

153.    As part of their regular business practices, Defendants have intentionally imposed unlawful policies and practices upon the Named Plaintiffs and the Collective Members, which include, but are not limited to:

a)   willfully failing to pay them the minimum wage for all hours worked up to 40 in a single workweek;

b)   willfully failing to pay them premium overtime wages for all hours worked in excess of 40 hours per workweek; and

c)   willfully failing to record all of the time that they have worked for the benefit of the Defendants.

154.    Defendants unlawful conduct pled herein constitutes a corporate policy or practice of minimizing labor costs by failing to properly compensate the Named Plaintiffs and the Collective Members the minimum wage.

155.    Defendants are aware or should have been aware that Federal law required them to pay the Named Plaintiffs and the Collective Members the minimum wage for hours worked up to the first 40 in a workweek.

156.    Defendants' unlawful conduct pled herein constitutes a corporate policy or practice of minimizing labor costs by failing to properly compensate the Named Plaintiffs and the Collective Members for the overtime hours they have worked.

157.    Defendants are aware or should have been aware that Federal law required them to pay the Named Plaintiffs and the Collective Members overtime premiums for all hours worked in excess of 40 per workweek.

158.    The Named Plaintiffs and the Collective Members perform or performed the same or similar primary duties.

159.    Defendants' unlawful conduct has been systematic, widespread, repeated, and consistent.

160.    There are many similarly situated current and former employees who have been denied minimum wage compensation in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.  This notice should be sent to the Collective Members pursuant to 29 U.S.C. § 216(b).

161.    There are many similarly situated current and former employees who have been denied overtime compensation in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.  This notice should be sent to the Collective Members pursuant to 29 U.S.C. § 216(b).

162.    Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## CLASS ALLEGATIONS

163.    The Named Plaintiffs brings this action as a Class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and the following defined Classes:

**"Rule 23 Class":**          Entertainers, Bartenders, and/or Busboys employed by the Defendants at any time within six years prior to the filing date of this Class action complaint through the date of final disposition ("Class Period") of this action and who were subject to Defendants' policy and pattern or practice of (i) failing to pay the Plaintiffs the proper minimum wage; (ii) denying Plaintiffs overtime premiums for all of the hours they worked in excess of 40 hours per week; (iii) failing to pay spread of hours pay; (iv) making unlawful deductions of the Plaintiffs' wages; (v) failing to reimburse for the costs,

26

laundering, and/or maintenance of the Plaintiffs' uniforms; (vi) failing to provide proper wage notices and keep proper records as required by the NYLL; and/or (vii) failing to provide annual wage notices as required by the NYLL.

164.    Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individuals who have, or who at any time during the class period had, a controlling interest in Defendants, and all persons who shall submit timely and otherwise proper requests for exclusion.

165.    The Members of the Rule 23 Class are so numerous that joinder of all Members is impracticable. Upon information and belief, the size of the Rule 23 Class is over 100 individuals. Although the precise number of such employees is unknown, the data necessary to ascertain this with precision is within the exclusive possession and control of the Defendants.

166.    Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making final injunctive relief appropriate or corresponding declaratory relief with respect to the Rule 23 Classes as a whole.

167.    Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

    a.    Whether Defendants unlawfully failed to pay appropriate minimum wages;

b.  Whether Defendants unlawfully reduced the number of hours the Members worked in their own payroll system;

c.  Whether Defendants unlawfully failed to pay appropriate overtime compensation to Members of the proposed class in violation of NYLL;

d.  Whether Defendants unlawfully failed to pay spread of hours pay;

e.  Whether it was Defendants' policy or practice to make unlawful deductions from the wages of the Plaintiffs and the Rule 23 Class;

f.  Whether Defendants employed Plaintiff and the proposed class within the meaning of New York law;

g.  Whether Defendants failed to keep true and accurate time and pay records for all hours worked by the Named Plaintiff and the proposed class;

h.  Whether Defendants failed to furnish the Named Plaintiff and the proposed class with annual wage notices, as required by the NYLL;

i.  Whether Defendants failed to furnish the Named Plaintiffs and the proposed class Members with proper wage statements with every payment of wages, as required by the NYLL;

j.  Whether Defendants' policy of failing to pay the Named Plaintiffs and Class Members was instituted willfully or with reckless disregard of the law; and

k.  The nature and extent of class-wide injury and the measure of damages for those injuries.

168.    The claims of the Named Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent. Named Plaintiffs and all of the Rule 23 Class Members work, or have worked, for Defendants as Entertainers, Bartenders, and/or Busboys.  The Named Plaintiffs and

the Rule 23 Class Members enjoy the same statutory rights under the NYLL, including the right to be appropriately compensated for all hours worked, to be paid the minimum wage, to be paid overtime compensation, and to receive legally required wage notices.  The Named Plaintiffs and the Rule 23 Class Members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL. The Named Plaintiffs and the Rule 23 Class Members have all been injured in that they have been uncompensated or undercompensated due to Defendants' common policies, practices, and patterns of conduct.

169.    The Named Plaintiffs will fairly and adequately represent and protect the interests of the Members of the Rule 23 Class; understand that as Class representatives, they assume a fiduciary responsibility to the Class to represent its interests fairly and adequately; recognize that as Class representatives, they must represent and consider the interests of the Class just as they would represent and consider their own interests; understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over those of the Class;  recognize that any resolution of a Class action must be in the best interests of the Class;  and understand that in order to provide adequate representation, they must be informed of developments in litigation, cooperate with Class counsel, and testify at depositions and/or trial. The Named Plaintiffs have retained counsel competent and experienced in complex Class actions and employment litigation. There is no conflict between the Named Plaintiffs and the Rule 23 Class Members.

170.    A Class action is superior to other available methods for the fair and efficient adjudication of this litigation. The Members of the Rule 23 Class have been damaged and are

entitled to recovery as a result of Defendants' violations of the NYLL, as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden that this litigation will require. The individual Plaintiffs lacks the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to vigorously prosecute a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments with respect to Defendants' practices.

171.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## CLASSWIDE FACTUAL ALLEGATIONS CONCERNING ENTERTAINERS

172.    Entertainers have been victims of a common policy and plan perpetrated by Defendants who have violated their rights under the FLSA and NYLL by denying them a minimum wage, overtime compensation, and tips they earned.

173.    At all times, Defendants' unlawful conduct, policies, and patters, described herein have been willful.

174.    As part of their regular business practice Defendants have intentionally, willfully, and repeatedly harmed Entertainers by engaging in a pattern and practice which includes, but is not limited to:

a.   Requiring Entertainers to pay House Fees and retaining portions of tips earned by Entertainers;

b.   Failing to keep accurate and adequate records of tips paid to Entertainers, deductions taken from their tips and ages, allowances or other credits taken by Defendants, and hours worked by Entertainers;

c.   Failing to pay Entertainers the applicable minimum wage rate for all hours worked;

d.   Failing to reimburse Entertainers for uniform expenses, including the cost of laundering and maintaining their uniforms;

e.   Failing to pay Entertainers overtime premium;

f.   Failing to pay Entertainers spread of hours;

g.   Unlawfully demanding, retaining, and receiving portions of the tips that Entertainers earned;

h.   Requiring Entertainers to share their tips with management, agents of management, and/or other employees who are not in tipped positions, and/or who have no, or virtually no, customer service duties

**Supervision and Control of Entertainers**

175.   Defendants supervised and controlled Entertainers' schedules and conditions of work.

176.   Defendants implemented rules that governed Entertainers' working conditions.

177.   Among other things, Defendants required Entertainers to:

a.   Work on certain days of the week and at certain times according to a schedule set by the Defendants;

b.   Make up missed shifts within a certain time period or pay a penalty;

    c.   Arrive at a certain time or pay an extra fee to the Defendants;

    d.   Sign in upon arrival and check out upon departure;

    e.   Purchase their uniforms from the Defendants or one of the Defendants affiliates;

    f.   Wear specific types of lingerie;

    g.   Wear specific types of platform shoes;

    h.   Remain dressed in their uniforms until the end of their shifts;

    i.   Dance on stage for a certain number of songs according to a set routine;

    j.   Remain on stage until then next Entertainer arrives on stage or they are excused by the DJ

    k.   Share tips with other employees; and

    l.   Pay house fees.

178.    Defendants prohibited Entertainers from:

    a.   Changing into regular clothes before the end of their shift;

    b.   Wearing certain types of underwear;

    c.   Discussing the terms of their compensation with customers;

## CLASSWIDE FACTUAL ALLEGATIONS CONCERNING BARTENDERS

179.    Bartenders have been victims of a common policy and plan perpetrated by Defendants who have violated their rights under the FLSA and NYLL by denying them a minimum wage, overtime compensation, and tips they earned.

180.    At all times, Defendants' unlawful conduct, policies, and patters, described herein have been willful.

181.    As part of their regular business practice Defendants have intentionally, willfully, and repeatedly harmed Bartenders by engaging in a pattern and practice which includes, but is not limited to:

a.  Failing to keep accurate and adequate records of tips paid to Bartenders, deductions taken from their tips and ages, allowances or other credits taken by Defendants, and hours worked by Bartenders;

b.  Failing to pay Bartenders the applicable minimum wage rate for all hours worked;

c.  Failing to reimburse Bartenders for uniform expenses, including the cost of laundering and maintaining their uniforms;

d.  Failing to pay Bartenders overtime premium;

e.  Failing to pay Bartenders spread of hours;

f.  Unlawfully demanding, retaining, and receiving portions of the tips that Bartenders earned;

g.  Requiring Bartenders to share their tips with management, agents of management, and/or other employees who are not in tipped positions, and/or who have no, or virtually no, customer service duties.


## CLASSWIDE FACTUAL ALLEGATIONS CONCERNING BUSBOYS

182.    Busboys have been victims of a common policy and plan perpetrated by Defendants who have violated their rights under the FLSA and NYLL by denying them a minimum wage, overtime compensation, and tips they earned.

183.    At all times, Defendants' unlawful conduct, policies, and patters, described herein have been willful.

184.    As part of their regular business practice Defendants have intentionally, willfully, and repeatedly harmed Busboys by engaging in a pattern and practice which includes, but is not limited to:

a.  Failing to keep accurate and adequate records of tips paid to Busboys, deductions taken from their tips and ages, allowances or other credits taken by Defendants, and hours worked by Busboys;

b.  Failing to pay Busboys the applicable minimum wage rate for all hours worked;

c.  Failing to reimburse Busboys for uniform expenses, including the cost of laundering and maintaining their uniforms;

d.  Failing to pay Busboys overtime premium;

e.  Failing to pay Busboys spread of hours;

f.  Unlawfully demanding, retaining, and receiving portions of the tips that Busboys earned;

g.  Requiring Busboys to share their tips with management, agents of management, and/or other employees who are not in tipped positions, and/or who have no, or virtually no, customer service duties.

## PLAINTIFFS' FACTUAL ALLEGATIONS

185.    Consistent with their policies and patterns or practices as described herein, Defendants harmed the Named Plaintiffs, individually, as follows:

34

*Jose Rosa*

186.    Defendants did not pay Rosa the proper minimum wage compensation for all of the time that he was suffered or permitted to work each workweek.

187.    Defendants did not pay Rosa the proper overtime compensation for all of the time that he was suffered or permitted to work each workweek.

188.    Defendants did not pay Rosa any spread of hours compensation to Mr. Rosa.

189.    Throughout his employment, Mr. Rosa worked Tuesday through Saturday, inclusive from 6:00PM until 5:00AM

190.    Mr. Rosa was paid on a salary basis.

191.    Throughout his employment, Mr. Rosa was paid a salary of $100.00 per night worked.

192.    Defendants failed to compensate Mr. Rosa with the applicable minimum wage.

193.    Defendants suffered or permitted Mr. Rosa to work over 40 hours per week.  During such workweeks, Defendants failed to compensate Mr. Rosa for any overtime premium of one and one half his regular rate of pay.

194.    Defendants failed to notify Mr. Rosa in writing of the tip credit provisions of the NYLL, or of their intent to apply a tip credit to his wages.

195.    Defendants failed to notify Mr. Rosa either verbally or in writing of the tip credit provisions of the FLSA, or of their intent to apply a tip credit to his wages.

196.    Throughout his employment with Defendants, Mr. Rosa as well as those similarly situated participated in a tip pool whereby all of their tips were pooled and distributed.  Throughout his employment, Defendants also retained those tips.

197.    Defendants also required Mr. Rosa and other members of the putative Class to spend at least 2 hours or 20% of their day a few days per week doing non-tipped tasks, including, but not limited to, cleaning bathrooms, sweeping, cleaning the kitchen, mopping, and cleaning the bar.

198.    Defendants did not satisfy the requirements under the FLSA and NYLL by which they could apply a tip credit to Mr. Rosa's wages.

199.    Defendants did not allow Mr. Rosa to retain all the tips he earned.

200.    Defendants unlawfully demanded, handled, pooled, counted, distributed, accepted, and/or retained portions of the tips that Mr. Rosa earned.

201.    Defendants imposed on Mr. Rosa a tip redistribution scheme to which he never agreed.

202.    Defendants failed to keep accurate records of wages earned or of the hours worked by Mr. Rosa.

203.    Defendants failed to furnish Mr. Rosa with proper annual wage notices, as required by the NYLL.

204.    Defendants failed to furnish Mr. Rosa with proper wage statements with every payment of wages, as required by the NYLL.

***Eduardo Romero Barron***

205.    Defendants did not pay Mr. Barron the proper minimum wage compensation for all of the time that he was suffered or permitted to work each workweek.

206.    Defendants did not pay Barron the proper overtime compensation for all of the time that he was suffered or permitted to work each workweek.

207.    Defendants did not pay Barron any spread of hours compensation.

208.    From the beginning of the statutory period until October 31, 2017, Mr. Barron worked for the Defendants six days per week with either Monday or Sunday off.  During this time period, Mr. Barron worked from 5:30PM until 5:30AM.

209.    From November 1, 2017 until on or about March 30, 2018, Mr. Barron worked for the Defendants seven days per week. During this time period he worked from 5:30PM until 5:30AM.

210.    From April 1, 2018 until the end of his employment, Mr. Barron worked for the Defendants Mondays through Thursdays, inclusive.  During this time period he worked from 7:00PM until 6:00AM.

211.    Mr. Barron was paid on a salary basis.

212.    From the beginning of his employment until March 30, 2018, Mr. Barron was paid $100.00 per work day.

213.    From March 30, 2018 until the end of his employment, Mr. Barron was paid $80.00 per work day.

214.    Defendants failed to compensate Mr. Barron with the applicable minimum wage.

215.    Defendants suffered or permitted Mr. Barron to work over 40 hours per week. During such workweeks, Defendants failed to compensate Mr. Barron for any overtime premium of one and one half his regular rate of pay.

216.     Defendants failed to notify Mr. Barron in writing of the tip credit provisions of the NYLL, or of their intent to apply a tip credit to his wages.

217.     Defendants failed to notify Mr. Barron either verbally or in writing of the tip credit provisions of the FLSA, or of their intent to apply a tip credit to his wages.

218.     Throughout his employment with Defendants, Mr. Barron as well as those similarly situated participated in a tip pool whereby all of their tips were pooled and distributed.  Throughout his employment, Defendants also retained those tips.

219.     Defendants also required Mr. Barron and other members of the putative Class to spend at least 2 hours or 20% of their day a few days per week doing non-tipped tasks, including, but not limited to, cleaning bathrooms, sweeping, cleaning the kitchen, mopping, and cleaning the bar.

220.     Defendants did not satisfy the requirements under the FLSA and NYLL by which they could apply a tip credit to Mr. Barron's wages.

221.     Defendants did not allow Mr. Barron to retain all the tips he earned.

222.     Defendants unlawfully demanded, handled, pooled, counted, distributed, accepted, and/or retained portions of the tips that Mr. Barron earned.

223.    Defendants imposed on Mr. Barron a tip redistribution scheme to which he never agreed.

224.    Defendants failed to keep accurate records of wages earned or of the hours worked by Mr. Barron.

225.    Defendants failed to furnish Mr. Barron with proper annual wage notices, as required by the NYLL.

226.    Defendants failed to furnish Mr. Barron with proper wage statements with every payment of wages, as required by the NYLL.

### Doniqua Essamond Phinazee

227.    Defendants did not pay Ms. Phinazee the proper minimum wage compensation for all of the time that she was suffered or permitted to work each workweek.

228.    Defendants did not pay Ms. Phinazee the proper overtime compensation for all of the time that she was suffered or permitted to work each workweek.

229.    Defendants did not pay Ms. Phinazee any spread of hours compensation.

230.    From the beginning of the statutory period until September 2016, Ms. Phinazee worked for the Defendants three days per week.

40

231.    From September 2016 until March 2017, Ms. Phinazee worked two days per week, Fridays and Saturdays.

232.    From March 2017 until the end of her employment with the Defendants, she worked one week day per week as well as Friday and Saturdays.

233.    Throughout her employment with the Defendants, Ms. Phinazee would work from 9:30PM until 6:00AM.

234.    Defendants did not pay Ms. Phinazee for her labor.

235.    As an Entertainer, Ms. Phinazee was forced to pay Defendants $150.00 in order to work for the Defendants.

236.    As an Entertainer, Ms. Phinazee was forced by Defendants to buy uniforms from the "House Mom" which cost, on average, between $60.00 and $300.00 each.

237.    Defendants did not reimburse Ms. Phinazee or other similarly situated employees for cost or cleaning of their required uniform.

238.    As an Entertainer, Ms. Phinazee was forced to pay Defendants $150.00 in order to work for the Defendants.

239.    As an Entertainer, Ms. Phinazee was forced to pay Defendants D.J. $10.00 per shift.

240.    As an Entertainer, Ms. Phinazee was forced to pay Defendants' makeup artist $40.00 -$50.00 per shift.

241.    Defendants failed to notify Ms. Phinazee in writing of the tip credit provisions of the NYLL, or of their intent to apply a tip credit to his wages.

242.    Defendants failed to notify Ms. Phinazee either verbally or in writing of the tip credit provisions of the FLSA, or of their intent to apply a tip credit to his wages.

243.    Throughout her employment with Defendants, Ms. Phinazee as well as those similarly situated participated in a tip pool whereby all of their tips were pooled and distributed. Throughout her employment, Defendants retained 15% of those tips.

244.    Defendants did not satisfy the requirements under the FLSA and NYLL by which they could apply a tip credit to Ms. Phinazee's wages.

245.    Defendants did not allow Ms. Phinazee to retain all the tips she earned.

246.    Defendants unlawfully demanded, handled, pooled, counted, distributed, accepted, and/or retained portions of the tips that Ms. Phinazee earned.

247.    Defendants imposed on Ms. Phinazee a tip redistribution scheme to which she never agreed.

248.    Defendants failed to keep accurate records of wages earned or of the hours worked by Ms. Phinazee.

249.    Defendants failed to furnish Ms. Phinazee with proper annual wage notices, as required by the NYLL.

250.    Defendants failed to furnish Ms. Phinazee with proper wage statements with every payment of wages, as required by the NYLL.

### *AS AND FOR A FIRST CAUSE OF ACTION*
### *FEDERAL FAIR LABOR STANDARDS ACT*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PAY MINIMUM WAGE)*

251.    The Named Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

252.    The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect the Named Plaintiffs and the Members of the FLSA Collective.

253.    Defendants have failed to pay the Named Plaintiffs and the Members of the FLSA Collective the proper statutory minimum wage to which they have been entitled under the FLSA.

254.    Defendants have failed to pay the Named Plaintiffs and the Members of the FLSA Collective the minimum wages free and clear to which they are entitled under the FLSA.

255.    Defendants did not inform the Named Plaintiffs and the FLSA Collective of the provisions of 29 U.S.C. § 203(m).

256.    Defendants did not permit the Named Plaintiffs and the FLSA Collective to retain all tips they received.

257.    Defendants failed to post and keep posted in a conspicuous place on the premises of their establishments a notice explaining the FLSA, as prescribed by the Wage and Hour Division of the U.S. Department of Labor, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting federal regulations, including but not limited to 29 C.F.R. § 516.4.

258.    Defendants' unlawful conduct, as described in this Collective and Class Action Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Collective and Class Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Named Plaintiff and the Members of the FLSA Collective.

259.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

260.    As a result of Defendants' violations of the FLSA, Named Plaintiff and the Members of the FLSA Collective have been deprived of the proper minimum wage compensation

in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

### _AS AND FOR A SECOND CAUSE OF ACTION_
### _FEDERAL FAIR LABOR STANDARDS ACT_
### _AGAINST THE DEFENDANTS, AND EACH OF THEM_
### _(FAILURE TO PAY OVERTIME)_

261.    The Named Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

262.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 _et seq._, and the supporting federal regulations, apply to Defendants and protect the Named Plaintiff and the Members of the FLSA Collective.

263.    Defendants have failed to pay the Named Plaintiff and the Members of the FLSA Collective overtime wages to which they have been entitled under the FLSA - at a rate of 1.5 times their regular rate of pay - for all hours worked in excess of 40 per workweek.

264.    Defendants' unlawful conduct, as described in this Collective and Class Action Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Collective and Class Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Named Plaintiff and the Members of the FLSA Collective.

265.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

266.    As a result of Defendants' violations of the FLSA, Named Plaintiff and the Members of the FLSA Collective have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

### *AS AND FOR A THIRD CAUSE OF ACTION*
### *FEDERAL FAIR LABOR STANDARDS ACT*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(UNIFORM EXPENSES)*

267.    The Named Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

268.    Plaintiffs and the FLSA Collective members earned less than the required minimum wages and overtime wages.

269.    Defendants required Plaintiffs and the FLSA Collective members to wear uniforms.

270.    The uniforms that Plaintiffs and the FLSA Collective members were required to wear were not ordinary street clothing. Defendants prescribed a specific type and style of clothing to be worn at work, and required specific or distinctive styles, colors, and quality of clothing.

271.    The Named Plaintiffs and the FLSA Collective incurred costs purchasing and laundering the uniforms for the benefit and convenience of Defendants.

272.    It was Defendants' policy and pattern or practice not to pay for the purchase or laundering of Named Plaintiffs' or the FLSA Collective's uniforms and not to reimburse or otherwise compensate them for these costs.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**NEW YORK STATE LABOR LAW**
**AGAINST THE DEFENDANTS, AND EACH OF THEM**
**(FAILURE TO PAY MINIMUM WAGE)**

273.    The Named Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

274.    At all times herein pertinent, Named Plaintiff and Members of the Rule 23 Class were employees of Defendants within the meaning of the New York Labor Law.

275.    Defendants are joint employers of the Named Plaintiff and Members of the Rule 23 Class within the meaning of the New York Labor Law.

276.    The minimum wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

277.    Defendants have failed to pay the Named Plaintiff and the Rule 23 Class Members the proper minimum wages to which they were entitled under the New York Labor Law.

278.    By Defendants' failure to pay the Named Plaintiff and the Rule 23 Class Members' proper minimum wages for hours worked up to the first 40 hours per week, they have willfully violated the New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

279.    Due to Defendants' violations of the New York Labor Law, Plaintiff and the Rule 23 Class Members are entitled to recover from Defendants their unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**NEW YORK STATE LABOR LAW**
**AGAINST THE DEFENDANTS, AND EACH OF THEM**
**(FAILURE TO PAY OVERTIME)**

280.    The Named Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

281.    At all times herein pertinent, Named Plaintiff and Members of the Rule 23 Class were employees of Defendants within the meaning of the New York Labor Law.

282.    Defendants are joint employers of the Named Plaintiff and Members of the Rule 23 Class within the meaning of the New York Labor Law.

283.    The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

284.    Defendants have failed to pay the Named Plaintiff and the Rule 23 Class Members the overtime wages to which they were entitled under the New York Labor Law.

285.    By Defendants' failure to pay the Named Plaintiff and the Rule 23 Class Members' premium overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

286.    Due to Defendants' violations of the New York Labor Law, Plaintiff and the Rule 23 Class Members are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### *AS AND FOR A SIXTH CAUSE OF ACTION*
### *STATE WAGE AND HOUR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PAY SPREAD OF HOURS*

287.    The Named Plaintiffs hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

288.    Defendants have willfully failed to pay Plaintiff and the members of the Rule 23 Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each

day that the length of the interval between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty - has been greater than 10 hours.

289.    Through their knowing or intentional failure to pay Plaintiff and the members of the Rule 23 Class spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, § § 650 et seq., and the supporting New York State Department of Labor Regulations.

290.    Due to Defendants' violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid spread-of-hours wages, liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### STATE WAGE AND HOUR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (UNLAWFUL DEDUCTIONS FROM WAGES)

291.    The Named Plaintiffs hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

292.    At all times relevant, Plaintiffs and Rule 23 Class Members have been employees within the meaning of the Article 6 NYLL §§190, et seq., and supporting New York State Department of Labor Regulations

293.    At all times herein pertinent, Named Plaintiff and Members of the Rule 23 Class were employees of Defendants within the meaning of the New York Labor Law.

294.    Defendants are joint employers of the Named Plaintiff and Members of the Rule 23 Class within the meaning of the New York Labor Law.

295.    The wage payment provisions of Article 6 of the NYLL and supporting New York State Department of Labor Regulations.

296.    Defendants unlawfully retained part of the gratuities earned by Plaintiffs and Rule 23 Class Members in violation of Article 6 NYLL § 196-d and supporting New York State Department of Labor Regulations.

297.    Defendants required Plaintiffs and Rule 23 Class Members to share part of the gratuities they received with employees other than waiters, servers, busboys, or similar employees, in violation of NYLL § 196-d and supporting New York State Department of Labor Regulations.

298.    Through their knowing or intentional demand for, acceptance of, and/or retention of part of the gratuities received by Plaintiffs and Rule 23 Class Members, Defendants have willfully violated the NYLL Article 6, § 196-d and supporting New York State Department of Labor Regulations

299.    Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unlawful wage deductions/ misappropriated wages, liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
### STATE WAGE AND HOUR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (UNIFORM EXPENSES)

300.    The Named Plaintiffs hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

301.    Consistent with their policy and pattern or practice, Defendants prohibited Plaintiffs and Rule 23 Class Members from wearing street clothes to work and required them to wear uniforms consisting of designated attire. The uniforms that Defendants mandated could not be worn as part of Plaintiffs' and the Rule 23 Class Members ordinary wardrobe. Defendants required Plaintiffs and Rule 23 Class Members to wear specific or distinctive styles, colors, and quality of clothing.

302.    Consistent with their policy and pattern or practice, Defendants required Plaintiffs and Rule 23 Class Members to purchase their own uniforms and failed to reimburse Plaintiffs and the Rule 23 Class Members for these costs, in violation of NYLL and its supporting regulations.

303.    Consistent with their policy and pattern or practice, Defendants unlawfully required Plaintiffs and the Rule 23 Class Members to launder and maintain their uniforms and failed to compensate Plaintiff for these costs.

304.    Defendants further failed to reimburse Plaintiffs and Rule 23 Class Members for uniform-related expenses.

305.    Consistent with their policy and pattern or practice, Defendants' failure to reimburse Plaintiffs and the Rule 23 Class Members for their uniform-related expenses resulted in Plaintiffs and Rule 23 Class Members being paid less than the minimum wage.

<u>**AS AND FOR A NINTH CAUSE OF ACTION**</u>
<u>**NEW YORK STATE LABOR LAW**</u>
<u>**AGAINST THE DEFENDANTS, AND EACH OF THEM**</u>
<u>***(FAILURE TO PROVIDE PROPER ANNUAL WAGE NOTICES)***</u>

306.    The Named Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

307.    Upon information and belief, Defendants have willfully failed to furnish the Named Plaintiff and the Rule 23 Class Members with annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any,

claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

308.    Through their knowing or intentional failure to provide Named Plaintiffs and the Rule 23 Class Members with the annual wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

309.    Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Named Plaintiff and the Rule 23 Class Members are entitled to statutory penalties of fifty dollars for each work day that Defendants failed to provide Plaintiffs with proper annual wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

### _AS AND FOR A TENTH CAUSE OF ACTION_
### _NEW YORK STATE LABOR LAW_
### _AGAINST THE DEFENDANTS, AND EACH OF THEM_
### _(FAILURE TO PROVIDE PROPER WAGE STATEMENTS)_

310.    The Named Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

311.    Defendants have willfully failed to furnish Named Plaintiff and the Rule 23 Class members with statements with every payment of wages as required by NYLL, Article 6, § 195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

312.    Through their knowing or intentional failure to provide Plaintiff and the Rule 23 Class members with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

313.    Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Named Plaintiff and the Rule 23 Class Members are entitled to statutory penalties of two hundred fifty dollars for each work day that Defendants failed to provide Plaintiffs with proper wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## **JURY DEMAND**

314.    Plaintiff demands a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, the Named Plaintiff, on behalf of himself and all Members of the Proposed Collective and Class, pray for relief as follows:

A.      That, at the earliest possible time, the Named Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Entertainers, Bartenders, and Busboys who are presently working at, or who have worked at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice.  Such notice shall inform the Entertainers, Bartenders, and Busboys that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid minimum wage compensation, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting US Department of Labor Regulations;

C.      Unpaid overtime compensation, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting US Department of Labor Regulations;

D.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

E.      Designation of the Named Plaintiff as representative of the Rule 23 Class;

F.      Designation of undersigned counsel as Class Counsel;

G.      Payment of a service award to the Named Plaintiff in recognition of the services he has rendered and will continue to render to the FLSA Collective and Rule 23 Class;

H.      Issuance of a declaratory judgment that the practices complained of in this Collective and Class Action Complaint are unlawful under the NYLL, Article 6 §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

I.      Unpaid minimum wage compensation and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

J.      Unpaid overtime compensation and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

K.      Reimbursement of all misappropriated tips, service charges, House Fees, and other unlawful deductions and liquidated damages;

L.      Reimbursement of all uniform related expenses along with liquidated damages;

M.      Statutory penalties of fifty dollars for each work day that Defendants failed to provide Named Plaintiff and the Members of the Rule 23 Class with proper annual wage notices, or a total of five thousand dollars for each Class Member, as provided for by NYLL, Article 6 § 198;

N.      Statutory penalties of two hundred fifty dollars for each work day that Defendants failed to provide Named Plaintiff and the Members of the Rule 23 Class with proper wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

O.      Prejudgment and post-judgment interest;

P.      An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

Q.      Reasonable attorneys' fees and costs of the action; and

R.      Such other and further relief, in law or equity, as this Court may deem appropriate

and just.

Dated: December 4, 2018
       New York, New York

                                    **LAW OFFICES OF WILLIAM CAFARO**

                                    _____

                                    By: Amit Kumar, Esq (AK0822)
                                    108 West 39th Street, Suite 602
                                    New York, NY 10018
                                    Tel. (212)583-7400
                                    AKumar@Cafaroesq.com

                                    *Attorneys for the Named Plaintiffs and the*
                                    *Proposed FLSA Collective and Rule 23 Class*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOSE ROSA, EDUARDO ROMERO BARRON, and
DONIQUA ESSAMOND PHINAZEE, on Behalf of
Themselves and All Others Similarly Situated,

Plaintiffs,

-vs.-

LA OFICINA OF QUEENS, INC., HEAVENS
ENTERTAINMENT, INC., ANGELS OF THE
WORLD, INC., GEORGE STOUPAS, and
GUS "Doe" Last name being fictitious and unknown,

Defendants.
-------------------------------------------------------------------X

---

## COLLECTIVE AND CLASS ACTION COMPLAINT
## WITH JURY DEMAND

---

Amit Kumar (AK0822)
Law Offices of William Cafaro
108 West 39th Street, Suite 602
New York, NY 10018
Tel. (212)583-7400

*Attorneys for the Named Plaintiffs and the*
*Proposed FLSA Collective and Rule 23 Class*